IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **FUMIKO IWASAKI,**<br><br>    Plaintiff,<br><br>vs.<br><br>**BREEZE AVIATION GROUP INC.,** a Delaware Corporation,<br><br>    Defendant. | **RULING & ORDER DENYING PLAINTIFF'S MOTIONS TO QUASH OR MODIFY SUBPOENAS**<br><br>Case No. 2:24-cv-00817<br><br>District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

District Judge Robert J. Shelby referred this case to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(A).[1] Currently pending before this court is Plaintiff Fumiko Iwasaki's ("Plaintiff" or "Ms. Iwasaki") motions to quash the subpoenas issued by Defendant Breeze Aviation Group ("Defendant" or "Breeze") to Eastern Airlines Inc. ("Eastern"), Frontier Airlines Inc. ("Frontier), DoorDash Inc. ("DoorDash") and Panasonic Energy Corporation of North America ("Panasonic").[2] For the reasons set forth herein, the court denies Plaintiff's motions to quash and request for entry of a protective order.

---

[1] ECF No. 7, Notice of Non-Consent.

[2] ECF No. 14, Plaintiff's Motion to Quash and Protective Order; ECF No. 15, Plaintiff's Motion to Quash and Protective Order.

## BACKGROUND

In May 2023, Ms. Iwaskai was hired as an inflight instructor by Breeze.[3] As an instructor, Plaintiff was tasked with teaching flight attendants important protocols associated with being a flight attendant. This included instruction on FAA regulations, safety protocols, first aid, firefighting and emergency evacuation procedures.[4] During her employment at Breeze, Ms. Iwasaki observed minorities failing the inflight classes at a disproportionately higher rate than non-minority students and saw female employees being treated differently than their male counterparts.[5] After she reported her race and gender related concerns, Plaintiff alleges she was retaliated against and wrongfully discharged from her position.[6] On October 31, 2024, Ms. Iwaskai filed this action bringing claims against Breeze for retaliation, discrimination and gender based pay violations.[7] As a remedy Plaintiff seeks, among other things, back pay, lost benefits and damages for emotional distress.[8]

On May 16, 2025, Breeze served its Notices of Intent to Serve Subpoenas on Ms. Iwasaki's former employers, Eastern and Frontier, and on her current employers, Door Dash and Panasonic.[9] As required, the parties met and conferred regarding the scope of the subpoenas, but

---

[3] ECF No. 1 at ¶ 13.

[4] *Id.* at ¶ 14.

[5] *Id.* at ¶ 32.

[6] *Id.* at ¶ 70.

[7] *Id.* at ¶¶ 76-102.

[8] *Id.; see* 42 U.S.C. § 1981; Title VII of the Civil Rights Act; 29 U.S.C. § 206.

[9] ECF No. 14-1, Exhibit 1, Notice of Intent to Serve Subpoena Duces Tecum on Easter Airlines; ECF No. 14-1, Exhibit 2, Notice of Intent to Serve Subpoena Duces Tecum on Frontier Airlines; ECF No. 15-2,

were unable to reach an agreement. On June 2, 2025, Ms. Iwasaki filed her pending motions to quash. Plaintiff asserts Defendant's subpoenas should be quashed because they improperly seek irrelevant and overbroad information that is disproportionate to the needs of this case.[10] In response, Defendant argues discovery is broad and Plaintiff's employment records are well within the scope of relevant discovery.

As to the subpoenas issued to Plaintiff's former employers, Frontier and Eastern, the sections of the subpoenas currently in dispute seek:

(1) Plaintiff's employment file including but not limited to all documents and communications related to her application, hiring, job description, job duties, job requirements, employment contracts, schedule, etc.;

(4) All internal or external documents (including emails, text messages, memos, or letters) regarding Ms. Iwasaki's job performance, conduct, behavior, or any incidents involving her during her employment;

(5) All documents and communications reflecting performance evaluations, performance improvement plans, written or verbal warning, disciplinary actions, or any other documentation evaluating or addressing Ms. Iwasaki's performance; and

(6) All documents and communications concerning the termination or separation of Ms. Iwasaki's employment, including but not limited to termination notices, resignations, internal discussions, investigation reports, witness statements, exit interview notes, or memoranda referencing reasons for separation.[11]

As to Ms. Iwasaki's current employers, DoorDash and Panasonic, the portions of the subpoenas at issue seek:

---

Exhibit 1, Notice of Intent to Serve Subpoena Duces Tecum on DoorDash, Inc.; ECF No. 15-2, Exhibit 2, Notice of Intent to Serve Subpoena Duces Tecum on Panasonic Energy Corporation of North America.

[10] ECF No. 14; ECF No. 15.

[11] ECF No. 14-1, Exhibit 1; Exhibit 2.

(1) Plaintiff's employment file including but not limited to all documents and communications related to her application, hiring, job description, job duties, job requirements, employment contracts, schedule etc.;

(4) All internal or external communications (including emails, text messages, memos, or letters) regarding Ms. Iwasaki's job performance, conduct, behavior, or any incidents involving her during employment; and

(5) All documents and communications reflecting performance evaluations, performance improvement plans, written or verbal warnings, disciplinary actions, or any other documentation evaluating or addressing Ms. Iwasaki's performance.[12]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(c) provides, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . forbidding the inquiry into certain matters."[13] The party seeking the order of protection bears the burden of demonstrating good cause.[14] To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[15]

The need for protection is considered in conjunction with Federal Rule of Civil Procedure 26(b)(1) which sets forth the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[12] ECF No. 15-1; Exhibit 1; Exhibit 2.

[13] Fed. R. Civ. P. 26(c).

[14] *Mitchell International, Inc. v. HealthLift Pharmacy Services, LLC,* 2020 U.S. Dist. LEXIS 174373, at *5 (D. Utah Sept. 22, 2020).

[15] *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L.Ed.2d 693 (1981).

>  Information within this scope of discovery need not be admissible in evidence to be discoverable.[16]

Under this standard, relevance is broadly defined and encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."[17]

Under Federal Rule of Civil Procedure 45, a subpoena duces tecum is considered discovery within the meaning of the rules and authorizes the production of documents or other materials from a nonparty.[18] Pursuant to Rule 45, a court *must* quash or modify a subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.[19] On the other hand, a court *may*, on motion, quash or modify a subpoena if it requires, "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from expert's study.[20] The burden of establishing grounds to quash a subpoena falls on the party moving to quash.[21]

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] *United States v. Childs,* 2018 U.S. Dist. LEXIS 20058, at *6 (W.D. Okla. Feb. 7, 2018) (citations omitted).

[18] *Rice v. United States,* 164 F.R.D. 556, 556-57 (N.D. Okla. Dec. 19, 1995).

[19] Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

[20] *Id.* (d)(3)(B)(i)-(ii).

[21] *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litigation,* 669 F.2d 620, 623 (10th Cir. Jan. 21, 1982).

## DISCUSSION

As discussed below, Ms. Iwasaki has standing to challenge Breeze's subpoenas. Additionally, Breeze's subpoena requests are relevant and proportional to the issues of the case and good cause for entry of a protective order is not established.

### Standing To Challenge The Subpoenas

The subpoenas at issue are directed to Plaintiff's former and current employers, not to Ms. Iwasaki. Generally, a "'motion to quash a subpoena may only be made by the party to whom the subpoena is directed.'"[22] An exception exists where "the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[23]

Courts have determined that "a party has a personal right in his employment records sufficient to confer standing."[24] Breeze's subpoenas request information from Ms. Iwasaki's employment files. Given the personal nature of these documents, Ms. Iwasaki has an interest in

---

[22] *Monroe v. FinWise Bank,* 2021 U.S. Dist. LEXIS 240298, at *6 (D. Utah Dec. 15, 2021) (quoting *Zoobuh, Inc. v. Rainbow International Corporation,* 2015 U.S. Dist. LEXIS 59349, at *5 (D. Utah May 5, 2014)).

[23] *Zoobuh,* at *5.

[24] *Richards v. Convergys Corp.,* 2007 U.S. Dist. LEXIS 9131, at *5-6 (D. Utah Feb. 6, 2007); *see also Singletary v. Sterling Transp. Co.,* 289 F.R.D. 237, 239 (E.D. Va. 2012) ("[N]umerous courts from within a wide variety of circuits have approved" that "a party possesses a personal right in the information contained in employment records sufficient to confer standing.") (listing cases)).

the information sought that is sufficient to confer her with standing to mount hew own challenges to the subpoenas under Rule 45.[25]

Although "[o]verbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena[,] . . . [i]t is well settled . . . that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34."[26] Thus, despite the limitations placed on challenges made by parties to whom the subpoenas are not directed,[27] the court must still examine whether the subpoenas are "overly broad or seek[ ] irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests for production."[28] In doing so, the court exercises its "inherent authority to limit irrelevant or non-proportional discovery requests under Rule 26(b)(2)(C)."[29]

**Defendant's Subpoenas Are Relevant And Proportional**

    A.  Eastern and Frontier: Former Employers

Ms. Iwaskai worked for Frontier following her termination from Breeze.[30] After her employment with Frontier, Plaintiff was employed by Eastern.[31] Currently, Ms. Iwasaki is not

---

[25] *Shurtleff v. Cinemark USA, Inc.*, 2014 U.S. Dist. LEXIS 18504, at *6 (D. Utah Feb. 13, 2014) (citation omitted); *see also* Fed. R. Civ. P. 45.

[26] *Stewart v. Mitchell Transportation,* 2002 U.S. Dist. LEXIS 12958, at *11 (D. Kan. July 11, 2022).

[27] *Zoobuh*, at *7-8 (explaining a party outside the subpoena is limited and cannot object to the subpoenas on undue burden, overbreadth or relevance grounds).

[28] *Burge v. Teva Pharm. Indus.,* 2025 U.S. Dist. LEXIS 99890, at *8 (D. Kan. May 27, 2025) (quotation and citation omitted).

[29] *Route App v. Heruberger,* 2024 U.S. Dist. LEXIS 14569, at *7 (D. Utah Jan. 26, 2024).

[30] ECF No. 14 at 1.

[31] *Id*.

employed by either entity. Upon review, the information sought from Frontier and Eastern is relevant to the claims and defenses in this case and Ms. Iwasaki does not demonstrate persuasive grounds to quash or modify the subpoenas.

In bringing this lawsuit Ms. Iwasaki places her job performance, employment history and mitigation efforts at issue and courts have routinely found records containing this type of information to have relevance in employment discrimination cases.[32] Breeze's subpoenas seek to gather relevant evidence to support its affirmative defenses, including a failure to mitigate and other defenses to liability. Relevant information within Ms. Iwasaki's employment file and hiring documents includes information regarding her employment, start date, departure from Breeze, statements regarding her ability to work for Breeze, statements describing her experiences at Breeze and the timing of her applications at subsequent employers.[33] Moreover, information regarding Ms. Iwasaki's job description, job duties and other job related requirements are relevant to the substantial equivalence of her subsequent employment (i.e. mitigation of damages), and whether Plaintiff's allegation of emotional harm is contradicted by her subsequent work history. Finally, other information contained in Ms. Iwasaki's employment documents

---

[32] *Soqui v. England Logistics, Inc.,* 2025 U.S. Dist. LEXIS 55305, at *4-5 (D. Utah Mar. 24, 2025); *Schaffran-Webb v. Sentry Financial Corporation,* 2021 U.S. Dist. LEXIS 184381, at *5-6 (D. Utah Apr. 16, 2021); *Ortega v. Management & Training Corp.,* 2017 U.S. Dist. LEXIS 156041, at *9 (D.N.M. Sept. 25, 2017) (denying motion to quash subpoenas issued to subsequent employers finding employment records relevant to mitigation of damages in Title VII claim).

[33] Breeze argues issues of timing are specifically relevant to the question of whether Plaintiff's application at Frontier predates her termination from Breeze. *See generally Roberts v. Time Dahle Imports, Inc.,* 2018 U.S. Dist. LEXIS 244528, at *5 (D. Utah Nov. 20, 2018).

including her search for alternative work, employment opportunities and causes for termination or voluntary resignation are significant as an affirmative defense to backpay liability and relevant to the sufficiency of Plaintiff's own mitigation efforts.

As to proportionality, Breeze's subpoenas are proportional to the needs of this case. The subpoenas request a limited scope of documents and identify targeted categories of information (emails, warnings, investigation reports etc.). There is no indication that production of the information is onerous or burdensome for the subpoenaed parties and Ms. Iwasaki does not identify any less burdensome way to obtain the information.[34] Rather, Plaintiff indicates she is unable to produce the documents herself because the requested information is not currently within her possession or control.[35]

### B. DoorDash and Panasonic: Current Employers

Ms. Iwasaki is currently employed by DoorDash and Panasonic. Applying a heightened sensitivity to its analysis of the subpoenas issued to Ms. Iwasaki's current employers,[36] the court finds Breeze's requests to be relevant and proportional to the issues of the case.

As stated previously, Ms. Iwasaki places her job performance, employment history and mitigation efforts at issue and courts routinely find the type of records requested here to be

---

[34] Frontier did not object to Breeze's subpoena and voluntarily served its responsive documents on June 16, 2025.

[35] ECF No. 16 at 7; ECF No. 16-5, Exhibit E, Plaintiff's Amended Discovery Responses.

[36] *Richards,* at *12 ("seeking discovery from a current employer is a more sensitive issue than seeking it from a former employer[.]"); *Kear v. Kohl Department Stores, Inc.,* 2013 U.S. Dist. LEXIS 22625, at *5 (D. Kan. Feb. 20, 2013) (allowing subpoenas but acknowledging that the court is "sympathetic to [p]laintiff's concerns regarding the harassment factor" associated with sending subpoena to a current employer.).

relevant in employment cases.[37] As to current employers, courts find employment related records relevant for a variety of additional reasons; including, statements made regarding past employment, information related to economic damages and information regarding potential on-going emotional damages.[38] Breeze's subpoenas to Plaintiff's current employers are tailored to seek relevant information that is proportional to the needs of the case and which bear on "or that reasonably could lead to other matter[s] that could bear on any party's claim or defense."[39] In turn, similar to the subpoenas issued to Plaintiff's former employers, there is no indication that production of the information is overly burdensome for the subpoenaed parties or that there is a less burdensome way to obtain the requested information.

### Protective Order

Ms. Iwasaki argues Breeze's subpoenas will encourage future "fishing expeditions" and a protective order should issue to prevent annoyance, embarrassment or oppression.[40] However, Breeze has crafted its subpoenas to discover information that is relevant and proportional to the case and Plaintiff's generalized and conclusory claims of embarrassment or oppression do not

---

[37] *See Soqui*, at *4-5; *Schaffran-Webb,* at *5-6; *Ortega*, at *9; *Smith v. Kan. Publ. Employees Ret. Sys.,* 2019 U.S. Dist. LEXIS 40466, at *9 ("In general, personnel files, employment records, and similar documents are not privileged and are routinely discoverable in civil litigation.").

[38] *Ortega*, at *10.

[39] *Childs,* at *6.

[40] Fed. R. Civ. P. 26(c) (upon showing of good cause a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

establish good cause for a protective order under Rule 26(c).[41] Accordingly, Plaintiff's request is denied.

**Attorney Fees**

Ms. Iwasaki seeks an award of attorney fees to deter future discovery abuses and discourage further overbroad and irrelevant discovery requests.[42] The court declines Plaintiff's request for fees finding substantial justification for Defendant's discovery requests and the absence of any discovery related violation.

## ORDER

For the reasons stated, Plaintiff's motions to quash and request for a protective order are DENIED.[43]

Dated this 16th day of July 2025.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge

---

[41] *Gulf Oil Co.,* 452 U.S. 89, 102 n. 16; *Kear*, at *7 (D. Kan. Feb. 20, 2013) (finding "potential annoyance to Plaintiff does not outweigh Defendant's showing of the obvious relevance of the information requested.").

[42] *See McKennon v. Nashville Publ. Co.,* 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995).

[43] ECF No. 14; ECF No. 15.