IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **FUMIKO IWASAKI,**<br><br>Plaintiff,<br><br>vs.<br><br>**BREEZE AVIATION GROUP INC.**, a Delaware Corporation,<br><br>Defendant. | **RULING & ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEE AWARD AMOUNT IN PART**<br><br>Case No. 2:24-cv-00817<br><br>District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

On September 9, 2025, Magistrate Judge Pead issued a ruling granting Defendant Breeze Aviation Group's ("Breeze") its "attorney fees and costs incurred in opposing David Neeleman's deposition."[1] Shortly thereafter, Defendant filed an Affidavit in support of its attorney fee request and Plaintiff Fumiko Iwasaki ("Iwasaki") objected.[2]

---

[1] ECF No. 35, Memorandum Decision and Order.

[2] ECF No. 36, Affidavit/Declaration in Support of Defendant's Award of Attorney Fees. Because the filing was not captioned as a "Motion" it was not flagged on the court docket as an active and pending matter. The District Court Clerk's Office has since modified Defendant's filing to reflect a "Motion" and Defendant has been given an opportunity to file its Reply. *See*, ECF No. 37 Plaintiff's Memorandum in Opposition; ECF No. 39, Clerk's Office Modification of Docket; ECF No. 41, Plaintiff's Reply to Response.

# ORDER

In total, Breeze seeks $14,108.50 for 37 hours of work related to filing Defendant's Short-Form Discovery Motion,[3] Motion for Leave[4] and Motion for Protective Order.[5] Plaintiff does not dispute that the hourly rates for Defendant's counsel are reasonable for litigation attorneys of similar experience in the Salt Lake legal market. Plaintiff does, however, take issue with the award of fees incurred after it withdrew David Neeleman's deposition notice, as well as the number of attorneys working on similar tasks in the case.[6]

First, as discussed in the court's Memorandum Decision granting fees, although Iwasaki withdrew Mr. Neeleman's deposition notice, Plaintiff did so only *after* Defendant's motion for protection was filed. Pursuant to Rule 37, attorney fees may be awarded not only when a discovery motion is granted, but also where "the disclosure or requested discovery is provided [or a deposition is withdrawn] after the motion was filed."[7] Second, the court is generally hesitant to "second-guess" the time spent by counsel or the amount of legal resources needed.[8]

---

[3] ECF No. 20, Defendant's Short Form Discovery Motion.

[4] ECF No. 22, Defendant's Motion for Leave.

[5] ECF No. 26, Defendant's Motion for Protective Order.

[6] ECF No. 37; ECF No. 37-1, Declaration of Galen Shimoda.

[7] Fed. R. Civ. P. 37(a)(5)(A) (attorney fees may be awarded not only when a discovery motion is granted but also where "the disclosure or requested discover is provided [or a deposition is withdrawn] after the motion was filed.").

[8] *Reid v. LVNV Funding LLC,* 2016 U.S. Dist. LEXIS 115932, at *5 (D. Utah Aug. 29, 2016); *see also Norman v Housing Authority of Montgomery,* 836 F.2d 1292, 1302 (11th Cir. 1988) ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer").

Further, Plaintiff's objection is not specific as to exactly which fee amounts he disputes.[9] Nonetheless, Defendant's Short-Form Discovery Motion and Motion for Leave total approximately four (4) pages of straightforward work product,[10] yet account for 8.8 hours of work for a total of $3,411.50.[11] While the court recognizes the significant expertise of counsel and the quality of work performed, the court does not find this amount reasonable and reduces the amount by half, to $1,705.75, and thereafter reduces the overall fee amount by this number.

Based on the above analysis, the court concludes that Breeze's Motion is granted in part and Defendant is entitled to reasonable attorney fees in the amount of $12,402.75.[12]

Dated this 14th day of January, 2026.

BY THE COURT:

Dustin B. Pead
U.S. District Magistrate Judge

---

[9] For example, Iwasaki states "Mr. Peterson billed 6.7 hours at $500 ($3,350) for this single discovery motion" without citing to the date of the filing to which he refers. Further, the time report does not evidence a singular billing for 6.7 hours of work by Mr. Peterson. *See* ECF No. 37; ECF No. 36-1. If Plaintiff reached this amount by combining billing dates, he does not indicate which dates he has combined for purposes of his calculations.

[10] For example, the majority of Breeze's Short Form Discovery Motion contains case citations for legal authorities on the apex doctrine factors. *See* ECF No. 20 at 2.

[11] In reaching this calculation the court considers Breeze's billing "narrative" and combines billing amounts claimed by Defendant on: June 27, 2025 (0.10/$34.50), June 30, 2025 (1.60/$552.00), July 1, 2025 (1.80/$621.00), July 1, 2025 (0.50/$250.00), July 7, 2025 (0.50/$172.50), July 8, 2025 (2.20/$759.00), July 8, 2025 (0.80/$450.00), July 9, 2025 (0.50/$172.50), July 9, 2025 (0.30/$150.00), July 21, 2025 (0.50/$250.00).

[12] ECF No. 36, Defendant's Motion for Attorney Fees.